UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JIMMY LEE MITCHELL,

          Petitioner,

v.

STATE OF WASHINGTON,

          Respondent.

Case No. C12-1930-RSL-BAT

**REPORT AND RECOMMENDATON**

Jimmy Lee Mitchell, a pre-trial detainee at the King County jail submitted a pro-se "Pre-trial motion to suppress evidence or dismiss charges" which are currently pending against him in King County case numbers 11-1-08298-5 and 11-1-07484-2. Dkt. 1. Because the Court should abstain from interfering with an ongoing state criminal prosecution, the Court recommends the petition be **DISMISSED** without prejudice. If the recommendation is adopted, the Court also recommends striking Mr. Mitchell's in forma pauperis application as moot.

**DISCUSSION**

**A.    Mr. Mitchell's Habeas Petition**

Mr. Mitchell has submitted two pleadings regarding his two pending King County criminal cases. As Mr. Mitchell is a pre-trial detainee, the Court construes the action as brought under 28 U.S.C. § 2241. *See Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004). Both

REPORT AND RECOMMENDATON- 1

pleadings essentially allege Mr. Mitchell was arrested without probable cause, was denied counsel at a line-up, and there is insufficient evidence to support the pending charges. Dkts. 1, 5.

**B.**     *Younger* **abstention doctrine**

Except under narrow circumstances that are not present in this case, federal courts must abstain from interfering with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where: (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994).

Mr. Mitchell's case satisfies all three criteria for *Younger* abstention. First, Mr. Mitchell's state criminal proceedings are ongoing. According to the Washington State on-line case summary, his state proceedings are scheduled for trial January 2013.[1] Next, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. And finally, there is nothing indicating Mr. Mitchell has been denied an adequate opportunity to address his claims in the state courts. Rather, the King County Superior Court's on-line case summaries indicate Mr. Mitchell was charged by information in both cases and that there have been numerous motions and petitions filed in the King County Superior Court, including motions to dismiss, and suppress evidence. The King County Superior Court on-line case summary lists 147 docket

---

[1] *See*: http://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S17&casenumber=11-1-08298-5&searchtype=sName&token=7AC4CB89B1FE2781DFC8890A232F0F07&dt=58460ACD9CFEB6270EC3A4C3EF28DB25&courtClassCode=S&casekey=157644167&courtname=KING CO SUPERIOR CT; and http://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S17&casenumber=11-1-07484-2&searchtype=sName&token=0DCFCC88B1FE5284DEBAFF0A232A0F07&dt=2F4D0DCC9CFEC3220FB1D2C3EF2DDB25&courtClassCode=S&casekey=156680727&courtname=KING CO SUPERIOR CT. Last accessed December 4, 2012.

REPORT AND RECOMMENDATON- 2

entries in one case and 261 entries in the other.

The fact the state court has apparently not granted Mr. Mitchell's motions to dismiss and suppress does not establish that he has been denied an adequate opportunity to present his claims in the state courts.  While Mr. Mitchell obviously disagrees with the state court's decisions, the *Younger* doctrine of abstention precludes a party from obtaining relief in federal court simply because the party disagrees with the state court's decisions.  *Cf. U.S. ex rel. Robinson Rancheria v. Borneo*, 971 F.2d 244, 253–54 (9th Cir. 1992).

In extraordinary cases, a federal court can intervene in a pending state matter notwithstanding the *Younger* abstention rule.  Mr. Mitchell's pleadings indicate he disagrees with the rulings of the state court and sets forth nothing establishing the existence of some other extraordinary circumstance that would make abstention inappropriate.  *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); *Carden*, 626 F.2d at 84 (*Younger* abstention appropriate despite the prosecution's allegedly "unfair" charging practices and "deliberate delay" of the proceedings).  In sum, under the circumstances presented in this case, federal intervention with Mr. Mitchell's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine.  The Court therefore recommends his habeas petition be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A state prisoner who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state

1 | court.  *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009).  A COA may be issued only where
2 | a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28
3 | U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason
4 | could disagree with the district court's resolution of his constitutional claims or that jurists could
5 | conclude the issues presented are adequate to deserve encouragement to proceed further."
6 | *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, petitioner is not entitled to
7 | a certificate of appealability.  If petitioner believes the Court should issue a certificate of
8 | appealability, he should set forth his reasons in her objections to this Report and
9 | Recommendation.

## CONCLUSION

11 | For the foregoing reasons, the Court recommends petitioner's amended habeas petition be
12 | **DENIED** and **DISMISSED** without prejudice.  The Court also recommends Mr. Mitchell's
13 | application to proceed in forma pauperis be **STRICKEN** as moot.
14 | Any objections to this Recommendation must be filed no later than **December 26, 2012**.
15 | The matter will be ready for the Court's consideration on **December 28, 2012**.  Objections shall
16 | not exceed ten (10) pages.  The failure to timely object may affect the right to appeal.
17 | DATED this 5th day of December, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 4